United States of America v. Edward Mighty

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand eighteen.

PRESENT:   DENNIS JACOBS,
           GUIDO CALABRESI,
                <u>Circuit Judges</u>,
           JED S. RAKOFF,[*]
                <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

     <u>Appellee</u>,

     **-v.-**                   **17-2847**

EDWARD MIGHTY a/k/a MIGHTY, a/k/a
ANTHONY, a/k/a TONY,

     <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - -X

---

[*] Judge Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

1

FOR APPELLEE:                                   MARY C. BAUMGARTEN, Assistant
                                                United States Attorney, <u>for</u> James P.
                                                Kennedy, Jr., United States Attorney for
                                                the Western District of New York,
                                                Buffalo, NY.


FOR DEFENDANT-APPELLANT:          JOHN C. PUTNEY, Dansville, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Edward Mighty appeals from a judgment of conviction following a guilty plea in the Western District of New York (Geraci, <u>J.</u>) sentencing him to 300 months' imprisonment.  Mighty was convicted and sentenced for possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 846 and possession of firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c).

Mighty argues that his plea of guilty was not knowing and voluntary by reason of his lawyer's ineffective assistance.  Mighty alleges that he met with his lawyer only twice before pleading guilty, that he had no opportunity to review the plea agreement prior to entering the courtroom on the day he signed it, that his lawyer assured him he would receive probation, and that he never had an opportunity to discuss the strengths of the government's case against him or any possible defenses he may have.

When faced with a claim of ineffective assistance of counsel on direct appeal, this Court has three options.  It may:

> (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district

court for necessary factfinding; or (3) decide the claim on the record before us.

United States v. Morris, 350 F.3d 32, 39 (2d Cir. 2003) (citing United States v. Leone, 215 F.3d 253, 256 (2d Cir. 2000)).  The first of these is the preferred method for handling such claims because "[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose."  Massaro v. United States, 538 U.S. 500, 504–05 (2003).

Here, the record is insufficiently developed regarding the performance of Mighty's attorney at the time of his plea or any prejudice that Mighty suffered as a result of the alleged deficient performance.  Recognizing this difficulty, Mighty asks us to "either decline to hear this appeal, permitting Mighty to pursue a claim under 18 U.S.C. § 2255; or remand to the district court to create a full record" for our later consideration.  Appellant's Br. at 8.  Accordingly, we decline to hear the ineffective assistance claim and dismiss it without prejudice to Mighty raising the claim pursuant to 28 U.S.C. § 2255.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK